STATE of Tennessee, DEPARTMENT
OF HUMAN SERVICES,
Petitioner–Appellee,

v.

Bonnie Sue NORTON and Rick Norton,
Defendants–Appellants.

In the Matter of Cody Jay NORTON,
Dallas Ray Norton (Children under
the age of 18 years).

Court of Appeals of Tennessee,
Eastern Section.

April 25, 1996.

Permission to Appeal Denied by
Supreme Court Sept. 9, 1996.

**446**

Charles W. Burson, Attorney General and Reporter, Michelle K. Hohnke, Assistant Attorney General, Nashville, for Petitioner–Appellee.

David L. Leonard, Leonard & Kershaw, Greeneville, for Defendants–Appellants.

## *OPINION*

FRANKS, Judge.

In this action the Trial Court terminated the parental rights of appellants to the children ages six and seven at the time of trial.

■ Appellants insist there is no clear and convincing evidence to support the termination of their rights, pursuant to T.C.A. Section 37–1–147(d)(1) and the Trial Court improperly failed to allow the children to testify at trial.

Following the trial, the Trial Judge made findings of fact and said in pertinent part:

> As in the past, the parents continue to blame others for their short comings. The parents have been given several opportunities to accept services which could have benefited them in regaining custody of their children and were informed of consequences if they did not comply. The Court finds that the foster care plan which was explained to the parents and which the parents had signed has never been substantially complied with.

> The Court finds by clear and convincing evidence that the children have been in foster care for twenty-six months and that the conditions which led to the removal or other conditions which in all reasonable probability cause the children to be subjected to further abuse or neglect and which therefore prevent the children's return to the care of the parents still persist.

> .     .     .     .     .

> The parents have never demonstrated the ability to understand or deal with the special needs of the children. The parents have denied or refused to accept the fact that they as well as their children have any problems which they cannot handle on their own. The parents have poor personal hygiene and refuse any efforts to show them how to improve.

> The Court further finds by clear and convincing evidence that the conditions stated above will not be remedied at an early date so the children can be returned to their parents in the near future. From the findings which the Court has previously stated, especially the non-cooperation or refusal of services offered to the parents, there is ample evidence that the parents ... are unable and will continue to be unable to see that the social, physical and emotional needs of the children are met.

The Trial Judge acted under the authority of T.C.A. § 37–1–147(d)(1) which states:

After hearing evidence on a termination petition, the Court may terminate parental rights if it finds on the basis of clear and convincing evidence that their termination is in the child's best interest and that one (1) or more of the following conditions exist:

(1) The child has been removed from the custody of the parent by the Court for at least one (1) year and the Court finds that: (A) the conditions which led to the removal or other conditions which in all reasonable probability would cause the child to be subjected to further abuse or neglect and which, therefore, prevent the child's return to the care of the parent(s) still persist; (B) there is little likelihood that these conditions will be remedied at an early date so that the child can be returned to the parent in the near future; (C) the continuation of the legal parent and child relationship greatly diminishes the child's chances of early integration into a stable and permanent home.

The evidence is undisputed that the children had been removed from the custody of the parents by the Court for more than two years at the time of trial. The children were removed from the home because of the dangerous conditions in the home and the neglect of the children by the parents. A foster plan of care was entered with the parents after the children's removal and the record establishes that many of the conditions of that plan have not been satisfied. The children need special treatment and counseling which the parents are unable or unwilling to provide. It is clear from the evidence that the parents are in need of treatment and counseling themselves, which they reject. The mother's testimony reveals her strong hostility to anyone connected with the Department of Human Services and other supporting agencies, and the father in his testimony refused to assume any personal responsibility for his own problems, as well as those of his children. The evidence is clear that these parents cannot properly care for these children, taking into account their own emotional and mental state as well as that of the children.

The parents have demonstrated through their inability or refusal to cooperate and comply with a foster parents plan that there is little likelihood the conditions will be remedied at an early date. We agree with the Trial Judge on his finding on this issue. He found that the parents "are unable and will continue to be unable to see that the social, physical and emotional needs of the children are met."

The evidence also satisfies the third prong of the test, i.e., that the legal parent/child relationship greatly diminishes the child's chances of an early integration into a stable and permanent home. The evidence establishes the special needs of the children and that an adoptive placement can be found for the children, but that continuing foster care diminishes the likelihood of a successful adoption.

We find that the statutory requirements for termination of parental rights have been satisfied by clear and convincing evidence. The parents' circumstances are pitiable, but it is clearly in the best interest of the children that the relationship be terminated.

Finally, it is argued that the Trial Judge abused his discretion in not permitting the children, ages six and seven, to testify. Under Rule 601 of the Tennessee Rules of Evidence "[e]very person is presumed competent to be a witness except as otherwise provided in these Rules or by statute". According to the comment, children are included, but the presumption is rebuttable.

The State sought to rebut the presumption by calling a witness who qualified as an expert regarding the competency of the children to testify. At no point did appellants object to the testimony of this witness. He opined that requiring the children to testify would not be in their best interest. He stated "[b]oth children shut down in therapy and the responses to me many times is that they just don't want to discuss it. And the higher their anxiety or depression goes, depending on which child you're talking about, the more resistant they are to discussing the issues because of the emotional pain associated with the issues and the blame they put on themselves."

The evidence offered does not rebut the presumption of competency, but goes to the propriety of forcing the children to testify in court. If a witness is competent, the Court is required to accept his or her testimony, but there are circumstances where the Court should tailor the manner in which the evidence is received so as to minimize any harmful effects on the witness.

Apparently no request for receiving the children's testimony under other conditions was made, but the failure of the Trial Judge to allow evidence from the children was error, however, considering the record as a whole, more probably than not this failure did not affect the judgment, due to the substantial, clear and convincing evidence on the issue of termination. *See* T.R.A.P. Rule 36.

For the foregoing reasons we affirm the judgment of the Trial Court and remand at appellants' cost.

McMURRAY and SUSANO, JJ., concur.